**McMANUS, SCHOR, ASMAR & DARDEN, L.L.P.**
ATTORNEYS AT LAW
1155 FIFTEENTH STREET, N.W.
SUITE 900
WASHINGTON, D.C. 20005

TELEPHONE (202) 296-9260
FACSIMILE (202) 659-3732
WWW.MSADLAW.COM

JOSEPH A. MCMANUS, JR. (DC, GA, NC, NY)
LAURENCE SCHOR (DC, MD)
...RLES M. ASMAR (DC, MD)
... J. DARDEN (DC, MD)
SUSAN L. SCHOR (DC, MD, VA)
DANIEL K. FELSEN (DC, MD, VA)
JOHN J. MCKENNA, JR. (DC, MD)
JORDAN M. SAMUEL (DC, MD, VA)
CHRISTOPHER A. TAGGI (DC, MD, VA)
DENNIS C. EHLERS (DC, GA, TN)
DAVID J. BUTZER (DC, VA)
SHONA M. GARBER (VA)
CHERYL E. CARROLL (DC, MD, VA)
ARASH HEIDARIAN (DC, VA)
AMANDA K. MORKEN (DC, MN)

OF COUNSEL:
BRETT L. ANTONIDES (DC, VA)
GEOFFREY T. KEATING (DC, MD)
THOMAS B. CARR (DC, VA)
RANDAL W. WAX (DC, MD, VA)
MARK D. CRAWFORD (DC, VA)

February 21, 2008

VIA FACSIMILE AND FIRST CLASS MAIL
Wanda A. Peffer
Contracting Officer
U.S. Department of Transportation
Federal Highway Administration
Eastern Federal Lands
Highway Division
21400 Ridgetop Circle
Sterling, VA 20166-6511

Re: FHWA, EFLHD IFB No. DTFH71-08-B-00002
**Response to Notice of Bid Rejection – Tip Top Construction Corp.**

Dear Ms. Peffer:

This firm is counsel to Edmund C. Scarborough and his individual surety bonding program. Your letter to Percy J. Hollins, Jr., President of Tip Top Construction Corporation ("Tip Top"), notifying Tip Top that its bid in response to the above-referenced Federal Highway Administration's ("FHWA") Invitation for Bids ("IFB") was rejected has been referred to Mr. Scarborough and us for a response.

We note that the basis for your rejection of Tip Top's bid is a purported failure to furnish a bid guarantee ("Bid Bond") in accordance with the requirements of the IFB. You take the position that the Bid Bond proffered by Tip Top is "inadequate" and "does not meet the requirements of the [FAR]" because the Bid Bond is supported by an asset – marketable coal – which is a "speculative asset" and specifically excluded by Subsection 28.203-2(c)(7).

We respectfully submit that your reading of FAR Part 28 and decision to reject Tip Top's Bid Bond is wrong as a matter of fact and law. FAR 28.203-2 (a) refers to "cash, readily marketable assets, or irrevocable letters of credit from a federally insured institution." Subsection (b) addresses acceptable assets. The FAR 28.203-2(b) list of acceptable assets is not an exclusive list. In other words, that subsection provides that "[a]cceptable assets **include** – . . ." the assets listed in subparagraphs (b)(1) through (b)(5) but are clearly not limited to those examples.

(Emphasis added.) The fact that this list does not specifically include already-mined, marketable coal does not mean that coal of this kind is an unacceptable asset. Furthermore, this type of coal is not listed as an unacceptable asset under 28.203-2(c).

Since the asset pledged in support of the Bid Bond is not listed as unacceptable, and the list of acceptable assets is not exclusive, what matters is that the asset pledged be cash (or a cash equivalent), a readily marketable asset, **or** an irrevocable letter of credit from a federally insured financial institution. FAR 28.203-2(a). The assets pledged in support of the Scarborough Bid Bond comply with FAR 28.203-2 (a) because they are "readily marketable assets." In this particular case, the asset is a proportional share of mined and extracted coal stockpiled in West Virginia, the total value of which is approximately $191,350,000.00. The proportional share is equal to 100% of the bond amount, or $1,800,000.00. Scarborough is able and willing to provide you documentation to support both the quality (*e.g.*, assays) and market price (*e.g.*, spot prices) of the pledged coal, but the answer to any questions you may have regarding quality or value, we submit, is not to reflexively reject the Bid Bond.

Further, we note that your position that the pledged coal is a "speculative asset" excluded by FAR 28.203-2(c)(7) is plainly wrong. That section excludes speculative assets, a term not defined by the FAR other than providing one example, which is "mineral **rights**." (Emphasis added.) The law defines a "mineral right" as "an interest in minerals **in land**. A **right to take** minerals or a right to receive a royalty." Black's Law Dictionary, 6th Edition, 1990 at p. 995 (emphasis added). Clearly, coal such as that pledged by Scarborough is not a mineral right but an existing, already-mined, tangible and stockpiled mineral for which there is a ready market.

In fact, other Scarborough bonds recently accepted by FWWA were supported by the very same underlying assets (*i.e.*, the coal). It is significant also that other federal agencies have reviewed and approved similar bonds issued by the Scarborough bonding program over the past two years up to and including recent months. These other agencies include the Department of Justice, Department of the Air Force, and Federal Bureau of Prisons. Additionally, there have been very few claims and no instance where proper claims have not been paid.

We trust that the explanations provided herein will serve as a basis for you to (i) determine that the Bid Bond meets the requirements of the FAR and is acceptable under the IFB and (ii) promptly reverse your rejection which is simply wrong and will be overturned by any court or board reviewing this decision.

McMANUS, SCHOR, ASMAR & DARDEN, L.L.P.



Should you have any questions or wish to discuss this matter further we are available on short notice.

Sincerely yours,

Dennis C. Ehlers

cc: Edmund C. Scarborough
Tip Top Construction Corp.