U.S. Department of Transportation
Federal Highway Administration

Eastern Federal Lands Highway Division

21400 Ridgetop Circle
Sterling, VA 20166-6511

FEB 2 6 2008

In Reply Refer to: HFAC-15

FEDERAL EXPRESS

Mr. Dennis C. Ehlers
McManus, Schor, Asmar & Darden, LLP
Attorneys at Law
1155 Fifteenth Street, NW, Suite 900
Washington, DC 20005

Subject: FHWA, EFLHD IFB No. DTFH71-08-B-00002, VI 9999(117)

Dear Mr. Ehlers:

We are in receipt of the letter dated February 21, 2008, from your firm on behalf of your client, Edmund C. Scarborough and his individual surety bonding program. We disagree with your interpretation of the requirements of the Federal Acquisition Regulations (FAR) for assets in support of an individual surety bid bond. In the first place, a bid bond must be complete as submitted. The FAR specifically states at Section 28.203-1 that, "The security interest shall be furnished with the bond." Your client's offer to provide documentation supporting the quality and market price of the pledged asset is untimely, and it would be a violation of the procurement regulations to accept support of a bid bond at this time. The bid bond must be acceptable on its face, and in this instance, no proof of value was submitted with the bond.

Second, we disagree with your description of the pledged asset as falling within the inclusive grouping of acceptable assets, rather than the inclusive grouping of unacceptable assets. The examples listed in the grouping of acceptable assets are cash, certificates of deposit, United States Government securities, stocks and bonds actively traded, and real property owned in fee simple. The examples listed in the grouping of unacceptable assets are notes, accounts receivable, foreign securities, certain examples of real property, life estates, personal property, stocks and bonds of the individual surety, corporate assets, speculative assets, and letters of credit in certain situations. In our analysis, the asset listed in this instance - mined but not marketed coal - is closer in similarity to a corporate asset, speculative asset, or accounts receivable, than it is to cash, certificates of deposit, or U.S. Government securities. In any case, the determination of which category the proposed asset falls into belongs to the Contracting Officer - as stated at FAR Section 28.203(a), "The contracting officer shall determine the acceptability of individuals proposed as sureties, and shall ensure that the surety's pledged assets are sufficient to cover the bond obligation."

The FAR also states, at Section 28.203(c), "If the contracting officer determines that no individual surety in support of a bid guarantee is acceptable, the offeror utilizing the individual surety shall be rejected as nonresponsible, except as provided in 28.101-4. Since the circumstances in this instance do not meet any of the exceptions set forth under 28.101-4 - there was more than one bid, etc. - the Government has no option but to reject Tip Top's bid as nonresponsible. The FAR goes on to state that, "A finding of non-responsibility based on unacceptability of an individual surety, need not be referred to the Small Business Administration for a competency review."

Sincerely yours,

Wanda A. Peffer

Wanda A. Peffer
Contracting Officer