# In the United States Court of Federal Claim

No. 08-352 C
(Filed May 19, 2008)

```
* * * * * * * * * * * * * * * * * * * *
TIP TOP CONSTRUCTION, INC.    *
                              *
           Plaintiff,         *
                              *
    v.                        *
                              *
THE UNITED STATES,            *
                              *
           Defendant.         *
* * * * * * * * * * * * * * * * * * * *
```

## **ORDER**

      Tip Top Construction, Inc. (Tip Top) filed its post-award bid protest complaint on May 15, 2008. The court held a telephonic status conference with counsel for plaintiff and defendant on May 16, 2008. Participating with the undersigned in May 16, 2008 teleconference were:

      Michael A. Gordon, counsel for plaintiff;
      Amanda Tantum, counsel for defendant;
      Cheryl Mpande, law clerk.

      Plaintiff seeks a temporary restraining order (TRO), preliminary and permanent injunctive relief, and a declaratory judgment setting aside the award of Invitation for Bid (IFB) No. DTFH71-08-B-0002, to Island Roads Corporation (IRC) with the Federal Highway Administration (FHWA or agency). Plaintiff agreed during the conference call to forego separate consideration of its requests for TRO and preliminary injunctive relief, and to consolidate its demands to be resolved through an expedited briefing schedule on the merits of Tip Top's claims, to which both parties agreed. This order memorializes the agreements reached during the telephonic status conference and sets forth the schedule for further proceedings in this matter.

The court inquired whether IRC, the successful offeror, wished to intervene in this suit. Ms. Tantum, defendant's counsel, reported that she had contacted counsel for IRC and that IRC indicated no plans to intervene. The court then turned to the issue of whether work performance had begun on the subject contract. Ms. Tantum stated that the agency had not begun performance on the contract, and that the agency is willing to suspend performance until the court renders a decision on or about July 7, 2008. However, defendant's counsel informed the court that the agency, during the pendency of this protest, requests permission to allow IRC to proceed with any paperwork (e.g. submittals) required by the contract prior to the commencement of construction. Agreement by all was reached with respect to the agency's request on the condition that the submission and processing of the referenced paperwork would not be used by the court as a rationale for denying plaintiff's request for injunctive relief.

Because of the restricted briefing schedule in this matter, the court directed that counsel confer in advance of the filing date of the administrative record, to verify that all necessary, relevant documents are part of the record. The court, in that regard, advised the parties that the agreed-upon schedule cannot accommodate supplements to the administrative record. The court also asked counsel whether a protective order and discovery would be required in this case. Counsel answered that neither a protective order nor discovery should be required.

Accordingly, it is hereby **ORDERED** that:

(1) Tip Top's Construction, Inc.'s Motion for Temporary Restraining Order, filed **May 15, 2008,** is **DENIED** as moot;

(2) Tip Top's Construction, Inc's Motion for Preliminary Injunction, filed **May 15, 2008**, is **DENIED** as moot;

(3) Although the government has agreed to **STAY** performance of the contract in most respects, the successful offeror, IRC, may **ENGAGE** in preparatory paperwork and furnish submittals to the agency;

(4) Defendant shall **FILE** and serve on plaintiff a **CD-ROM** of the

        Administrative Record, by **5:00 p.m.**, eastern time on **May 21, 2008**; Defendant shall also **DELIVER** two bound paper copies of the Administrative Record to chambers by **5:00 p.m., eastern time** on **May 21, 2008**;

(5) Plaintiff shall **FILE** a Motion for Judgment on the Administrative Record by **5:00 p.m.**, **eastern time** on **May 28, 2008**;

(6) Defendant shall **FILE** its Cross Motion for Judgment on the Administrative Record by **5:00 p.m.**, **eastern time** on **June 4, 2008**;

(7) Plaintiff shall **FILE** a Response/Reply to defendant's Cross Motion by **5:00 p.m.**, **eastern time** on **June 11, 2008**;

(8) Defendant shall **FILE** its Reply by **5:00 p.m.**, **eastern time** on **June 17, 2008**;

(9) Whenever briefing, including exhibits and attachments, causes an electronic filing to exceed thirty pages, the party shall **DELIVER** a paper courtesy copy of that filing to chambers by **5:00 p.m.**, **eastern time** on the day of filing; and

(10) **Oral Argument** shall be **HELD** on Friday, **June 20, 2008** at **2:00 p.m.**, **eastern time**, at the United States Court of Federal Claims, National Courts Building, 717 Madison Place, N.W., Washington, D.C. The location of the courtroom will be posted on the directory in the lobby; and

(11) Should the government's position on the stay of performance of the contract change, defendant shall **INFORM** the court at least ten days before the date contract work would begin, of its request to lift the stay of performance hereby agreed to.

                                      /s/Lynn J. Bush
                                      LYNN J. BUSH
                                      Judge