IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| TIP TOP CONSTRUCTION, INC. | ) | |
| Plaintiff, | ) | |
| | ) | No. 08-352C |
| v. | ) | Judge Lynn Bush |
| | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

TIP TOP'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD AND FOR EXPEDITED DISCOVERY

Plaintiff, Tip Top Construction, Inc. ('Tip Top") moves to supplement the administrative record ("AR") and for expedited discovery. Court of Federal Claims Appendix C, part VII., section 22, suggests inclusion of documents including the following:

> "(i) correspondence between the agency and the protester, awardee or other interested parties relating to the procurement; …
>
> (n) the agency's evaluations of the protester's, awardee's, or other interested parties' offers, proposals, or other responses to the solicitation, including supporting documentation; …
>
> (s) documents relating to any stay, suspension, or termination of award or performance pending resolution of the bid protest;
>
> (t) justifications, approvals, determinations, and findings, if any prepared for the procurement by the agency pursuant to statute or regulation…."

Documents within these categories have not been produced in the AR. An April 11, 2008 e-mail sent by Tip Top's counsel to counsel for the Federal Highway Administration ("FHWA") which asked whether the FHWA would consider a substitute asset as a means of resolving the protest, and case law in support, was not included. See Ex. 1. Defendant's position is that this document is irrelevant because only documents existing prior to the Contracting Officer's February 19, 2008 decision eliminating Tip Top, and those documents submitted to the Government Accountability Office ("GAO") are relevant or responsive. Tip Top disagrees.

The April 11, 2008 e-mail and internal FHWA documents addressing it are covered by Appendix C, part VII (22), subsections (i) and (n) and are relevant to FHWA's refusal to accept a substitute asset from Tip Top. This e-mail and likely internal documents generated in response will show the reasoning FHWA applied in rejecting a substitute asset after the elimination of Tip Top when it had full awareness not only of FAR §28.203-4 but of GAO case law approving substitution of defective assets even after a protest was filed. Thus, these documents will also reflect the reasoning FHWA would have been applied before the rejection and will further demonstrate the absence of a reasonable basis for rejecting Tip Top's low bid.

Note that FHWA's only reply was an "override" notice to GAO indicating that "urgent and compelling" reasons necessitated its award to the higher priced bidder. Tab 38. In that connection, the FHWA's actual justification for that override, and documents relating to it have also not been produced and should be in the AR. <u>See</u> Appendix C, part VII (22), subsections (s) and (t). FHWA's justification and documents relating thereto are likely to contain or lead to information relevant to the FHWA's refusal to respond to Tip Top's proposed asset substitution and/or to the reasons for FHWA's decision to reject Tip Top's low bid.

Finally, Tip Top notes that many of the Contracting Officer pre-decisional e-mails are Tip Top exhibits to its GAO protest. <u>See</u> Tab 25A. Tip Top's GAO exhibits included more e-mails than FHWA produced to the GAO, indicating that documents may be missing. <u>Cf.</u> Tab 25A <u>with</u> Tab 15E. The apparent lack of completeness of the record is also reinforced by Defendant's inclusion in the AR of some pre-Top Top rejection e-mails that should have been but were not produced to the GAO. <u>See</u> Tabs 43-44. Indeed, those e-mails raise new questions about the complete basis for rejection of Tip Top's low bid and/or factors influencing the decision.

These e-mails indicate FWHA concerns with whether Tip Top had included adequate time for utility work or strict Maintenance of Traffic ("MOT") phasing or, that Tip Top was aware that the schedule in the solicitation was more than what was needed to perform the contract and under Tip Top's 300-day schedule, FHWA effectively would be responsible for the cost of "expected delays"; thus, Tip Top would benefit somewhat from expected delays. Id.

Tip Top was then directed to submit a Critical Path Method ("CPM") diagram. Tab 25A, AR 327-28. The draft CPM fully answered the utilities and MOT concerns. Tab 15C, AR 265-87. However, apparently based on the second reason, a new series of questions were generated, seeking essentially a final CPM. Id., AR 322. When Tip Top refused to expend further monies without an award, the FHWA's next action was rejection of the bid bond, an issue never previously identified, supposedly because previously mined, above ground coal was an unacceptable "mineral right." Tab 5, AR 233.

When this decision was made, FHWA was aware that Tip Top was a reputable contractor based on its recent performance for FHWA on the Eastern Federal Lands projects (another document likely in the evaluation record that should be in the AR). Ex. 1. See also Tab 43 (indicating FHWA awareness of Tip Top's acumen) and Tab 15C, AR 265-87 (showing Tip Top's plan to perform). Thus, FHWA knew there was little or no risk of a Tip Top default on the bid bond since it was obvious that Tip Top intended to execute the contract and would submit payment and performance bonds either from this surety or a corporate surety. Ex. 2 (an e-mail from Tip Top to the Contracting Officer dated February 20, 2008 that should have been produced in the AR). Therefore, all documents relating to the evaluation of Tip Top, the CPM, and Tip Top's schedule are relevant or may lead to information relevant to the facts influencing FHWA's contemporaneous rejection decision.

Given the apparent gaps in the existing AR, if gaps remain after production of the additional documents requested, and the Court considers such gaps relevant to ascertaining the complete basis for the decision to reject Tip Top, a deposition of the Contracting Officer should be taken. See Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1340 (Fed. Cir. 2001).

CONCLUSION

For the reasons set forth above, Tip Top respectfully requests that this Court grant this motion to supplement the record with the February 20, 2008 and April 11, 2008 Tip Top e-mails, to FHWA, including metadata showing where the e-mails were forwarded, and order Defendant to produce and include in the AR:

(a) and all documents relevant to the above Tip Top request to substitute assets,

(b) the "override" justification and all documents relevant thereto, and

(c) all other documents relating to the evaluation of Tip Top's bid, schedule and CPM.

Respectfully submitted,
Michael A. Gordon
s/ Michael A. Gordon
MICHAEL A. GORDON PLLC
1629 K Street N.W., Suite 300
Washington, D.C. 20006
(202) 508-1464 (telephone)
(202) 349-1701 (facsimile)
Attorney of Record
for Plaintiff, Tip Top Construction, Inc.

OF COUNSEL:
Fran Baskin, Esquire
MICHAEL A. GORDON PLLC