Subj: **Tip Top**
Date: 4/11/2008
To: Julia.Perry@fhwa.dot.gov

Ms Perry:

Following the conference call yesterday, it occurred to me that the agency had not considered the possibility of accepting substitute assets from this surety. As you can see from FAR §28.203-4 itself and the attached case law, the GAO's initial on-the-spot reaction during the conference regarding its applicability is not correct. The regulation has no time restrictions on when the assets can be substituted and applies to all bonds and guarantees, which includes this bid bond. Like other matters affecting responsibility, the substitution of assets, here, specifically permitted by regulation, can occur at any time prior to award. If the agency rejected the bond based on the concerns stated in the letters to the surety and to the GAO concerning the coal asset, this regulation gives you the ability to obtain assets with which you are confident and thereby to obtain the $1.4 million in savings that Tip Top's bid represents. Tip Top is a reputable contractor and has proven that it will do a good job. As a taxpayer, I would expect this action to be taken. This would end the GAO case and enable the agency (and other agencies) to have discretion to accept this type of personal property as well as avoid more litigation.

If not, you previously indicated that the agency was considering filing an override of the GAO stay. I respectfully request that you advise me if this is still the agency's intention given the conference call yesterday and if so, to immediately provide me with a copy of the override decision.

Thank you for your consideration of this matter.

Michael A. Gordon
Counsel for Tip Top Construction, Inc.