# In the United States Court of Federal Claim

No. 08-352 C
(Filed May 21, 2008)

* * * * * * * * * * * * * * * * * * * * *
TIP TOP CONSTRUCTION, INC. *
*
*Plaintiff*, *
*
v. *
*
THE UNITED STATES, *
*
*Defendant*. *
* * * * * * * * * * * * * * * * * * * * *

## ORDER

On May 21, 2008, upon receipt of plaintiff's Motion to Supplement the Administrative Record and for Expedited Discovery, the court conducted a telephonic conference call to address plaintiff's motion. Participating with the undersigned in May 21, 2008 teleconference were:

Michael A. Gordon, counsel for plaintiff;
Amanda Tantum, counsel for defendant;
Cheryl Mpande, law clerk.

Plaintiff's motion requests the court's permission to supplement the administrative record, filed May 20, 2008, with the February 20, 2008 and April 11, 2008 emails, to Federal Highway Administration (FHWA), along with other documents related thereto, including metadata showing where the emails were forwarded. Additionally, plaintiff requests the court to order defendant to produce and include the following in the administrative record: (a) all documents relevant to plaintiff's request to substitute assets; (b) the "override" justification and all documents relevant thereto; and (c) all other documents relating to the evaluation of plaintiff's bid, schedule and Critical Path Method (CPM).

It is well-settled that, when reviewing a motion for judgment on the

administrative record filed under Rule 52.1 of the Rules of the United States Court of Federal Claims, the court typically focuses on "'the administrative record already in existence, not some new record made initially in the reviewing court.'" *Advanced Sys. Dev. Corp. v. United States*, 72 Fed. Cl. 25, 33 (2006) (quoting *Comprehensive Health Serv., Inc. v. United States*, 70 Fed. Cl. 700, 719 (2006)). However, it is critical to recognize that, in bid protest actions such as this one, " the 'administrative record is a fiction.'" *Al Ghanim Combined Group Co. Gen. Trad. & Cont. W.L.L. v. United States*, 56 Fed. Cl. 502, 508 (2003) (quoting *CCL Serv. Corp. v. United States*, 48 Fed. Cl. 113, 118 (2000)). Indeed, the

> administrative record is not a documentary record maintained contemporaneously with the events or actions included in it. Rather, the administrative record is a convenient vehicle for bringing the decision of an administrative body before a reviewing agency or a court.

*Id.* (internal quotations omitted) (quoting *Tech Systems, Inc. v. United States*, 50 Fed. Cl. 216, 222 (2001)). "Accordingly, the Court of Federal Claims does not 'apply an iron-clad rule automatically limiting its review to the administrative record.'" *Id.* (quoting *GraphicData, LLC v. United States*, 37 Fed. Cl. 771, 779 (1997)). Indeed, supplementation is permissible in the bid protest context under certain circumstances. *Emerald Coast Finest Produce Co. v. United States*, 76 Fed. Cl. 445, 448 (2007).

Supplementation of the administrative record has been deemed appropriate where the record is insufficient for the court to render a decision. *Id.* (citing *Impresa Construzioni Geom. Domenico Garufi v.United States*, 238 F.3d 1324, 1338 (Fed. Cir. 2001) (in turn stating that supplementation is appropriate when it is "required for meaningful judicial review"); *Portfolio Disposition Mgmt. Group, LLC v. United States*, 64 Fed. Cl. 1, 12 (2005) (in turn stating that "[w]e may allow supplementation of the administrative record in limited circumstances where the record is insufficient for the [c]ourt to render a decision")). The court will allow supplementation, for example, when it serves to fill gaps concerning the factors the contracting officer considered in reaching his or her decision. *See Impresa*, 238 F.3d at 1338-39 (ordering supplementation of record with contracting officer's deposition testimony). Supplementation has also been permitted in cases in which the supplementary evidence presented is "evidence without which the court cannot fully understand the issues." *Al Ghanim*, 56 Fed. Cl. at 508; *Emerald Coast*, 76

Fed. Cl. at 448. In all cases, the question of whether to grant a particular motion to supplement the record is committed to the reasonable discretion of the trial court. *See Banknote Corp. of Am., Inc. v. United States*, 365 F.3d 1345, 1358 (Fed. Cir. 2004).

In the present case, plaintiff asserts that FHWA improperly rejected plaintiff's bid bond based on the acceptability of the proffered asset and abused its discretion by not allowing plaintiff to substitute another acceptable asset. As stated during the conference call, the court has determined that the documents requested by plaintiff, with the exception of "(c) all other documents relating to the evaluation of plaintiff's bid, schedule and Critical Path Method (CPM)," are relevant to the particular issues presented by Tip Top's bid protest, as stated *supra*.

For the reasons set forth in the conference call, it is hereby **ORDERED** that

(1) Plaintiff's Motion to Supplement the Administrative Record and for Expedited Discovery, filed May 21, 2008, is **GRANTED**, **in part**, as to supplementing the administrative record with the February 20, 2008 and April 11, 2008 emails, to FHWA, including metadata showing where the emails were forwarded, and documents related to these emails; all documents relevant to plaintiff's request to substitute assets; and the "override" justification and all documents relevant thereto, and **DENIED, in part**, as to all other documents relating to the evaluation of plaintiff's bid, schedule and CPM;

(2) The parties shall **CONFER** and prepare an agreed-upon **Joint Proposed Supplement to the Administrative Record**; and

(2) A Status Conference shall be **HELD** on **May 22, 2008** at **4:00pm**, eastern time, on the subject matter and any schedule revisions necessitated thereby. The court shall initiate the call.

/s/Lynn J. Bush
LYNN J. BUSH
JUDGE