# LEGAL MEMORANDUM

**TO:** **Ed Scarborough**
**IBCS Group, Inc.**

**FROM:** **Gene W. Bailey, II**

**DATE:** **June 26, 2008**

**RE:** **R707 Property - Ownership Interest in Minerals Contained in Gob Piles**

---

You have requested Daniels Law Firm, PLLC review the law regarding ownership interest in minerals contained within waste or refuse piles commonly referred to as "gob piles" pursuant to the conveyance of real property situate in Nicholas County, West Virginia, commonly known as the "R707 Property."

It is our understanding by deed dated October 31, 2007, Barry and Melinda Mullens conveyed all right, title and interest to the surface of the R707 Property to you. That deed is recorded in Deed Book 444, pages 427-429, in the records of the County Clerk of Nicholas County, West Virginia. During that transaction, the Mullens also sold their complete interest in and to any and all coal waste/refuse piles located on the R707 Property. We understand from Mr. Mullens that at the time he acquired the R707 Property from Lady H Coal Company during bankruptcy proceedings, he also acquired all right, title and interest to the gob piles located on the property.

New Gauley Coal Corporation is the predecessor in interest to Lady H Coal Company, and Mr. Mullens advises that the vice president and regional manager for New

Gauley Coal Corporation formerly assigned and released any right, title or interest to the subject gob piles by a November 2003 letter. Based upon these series of transactions, it is apparent New Gauley Coal Corporation and Lady H Coal Company conveyed not only the surface of the R707 Property but also the gob piles contained thereon. Correspondingly, there are no provisions contained within any of the transactions we have reviewed indicating the gob piles were excepted or reserved during the course of these transactions. Hence, we believe that there is no question the purchase by Mr. Mullens and the subsequent conveyance to you in October 31, 2007, included the surface as well as all coal waste/refuse piles located on the R707 Property.

Research reveals most of the case law dealing with ownership of "mine tailings" turn on whether the tailings from a mining operation are characterized as real or personal property. In this particular instance, it is doubtless the parties intended the gob piles would not be regarded as appurtenant to the land. Instead, the gob piles were always treated as personal property and were within the parcel conveyed to you on October 31, 2007. See, *Tri-Bullion Corp. v. American Smelting and Refining Co.,* 57 N.M. 787, 277 E.2d 293 (1954); *London Extension Mining Co. v. Ellis*, 134 F.2d 405 (CA 10 Col. 1943).

We are hopeful the above discussion satisfies your inquiry, but if you have questions or require additional information, please do not hesitate to contact Norm Daniels or me.